Margaret A. Gisch, Esq. (*Pro Hac Vice*) (IL State Bar No. 6204431)
Sarah K. Dunkley, Esq. (*Pro Hac Vice*) (IL State Bar No. 6329204)
GOLAN | CHRISTIE | TAGLIA LLP
70 W. Madison, Suite 1500
Chicago, IL 60602
Telephone: (312) 263-2300
Email: magisch@gct.law
Email: skdunkley@gct.law

Jamie L. Johnson, Esq. (CA State Bar No. 130698)
KORSHAK, KRACOFF, KING & SUGANO, L.L.P
2430 J Street
Sacramento, CA 95816
Telephone: (916) 441-6255
Email: jamie@kkks.com

Attorneys for Defendant
William W. Meyer and Sons, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PMM HOLDINGS, LLC, and PRECISION MACHING & MANUFACTURING,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM W. MEYER AND SONS, INC. and DHG, INC.,<br><br>Defendants. | Case No. 2:25-cv-02005-CSK<br><br>**DECLARATION OF CHARLES MEYER IN SUPPORT OF MEYER'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(2) LACK OF PERSONAL JURISDICTION**<br><br>Assigned District Cout Judge: Unassigned<br>Date:   November 18, 2025<br>Time:  10:00 a.m.<br>Courtroom:  25<br><br>Complaint Filed: July 17, 2025<br>Trial Date: None Set<br>Magistrate Judge: Hon. Chi Soo Kim |

I, affiant Charles Meyer, hereby state on oath, as follows:

1.   I am the Chief Executive Officer and President of William W. Meyer and Sons, Inc.

1

DECLARATION OF CHARLES MEYER IN SUPPORT OF MOTION TO DISMISS COMPLAINT

("Meyer"), one of the defendants in this lawsuit.

2. As the Chief Executive Officer and President, I am responsible for overseeing the operation of Meyer, including products produced by it, the scope of its business, and have responsibility for reviewing any potential acquisitions. I have personal knowledge of the facts contained in this affidavit, and if called to testify, I could competently testify hereto.

3. Meyer has been an Illinois corporation since 1946, with its principal place of business in Libertyville, a northern suburb of Chicago. Meyer is a world leader in the manufacture of dry bulk material processing equipment, pneumatic conveying, industrial dust collection systems, insulation blowing machines, air duct cleaning equipment and insulation removal vacuums.

4. Meyer has no physical presence, no employees, no warehouse, and no facilities of any nature in California. Meyer uses one independent sales representative who sells Meyer products—in addition to products from many other manufacturers—in California. Of Meyer's total sales revenue, around 3-4% annually is for sales to California-based companies.

5. In about May 2023, the Finn Company reached out to Meyer about the potential for Meyer to manufacture rotary air valves for Finn.

6. Finn subsequently ordered a prototype rotary air valve from Meyer on September 7, 2023. A copy of the order is attached as **Exhibit 1**.

7. Meyer invoiced Finn for delivery of this order on November 17, 2023. A copy of the invoice is attached as **Exhibit 2**.

8. In April 2024, I received an email from Crown Point Partners, an investment banking firm from Portland Oregon. The email inquired if Meyer might be interested in an acquisition opportunity for a company manufacturing rotary values and feeders. The email attached a two-page description of the target company but did not disclose the name of the target company. A copy of the email and its attachment is attached hereto as **Exhibit 3**.

9. I responded that Meyer was interested, and, on May 7, 2024, I signed the Meyer NDA on behalf of the company. Crown Point signed the Meyer NDA on behalf of the target "Company." A copy of the NDA is attached hereto as **Exhibit 4**.

10. As soon as the Meyer NDA was executed, Crown Point sent me a "Confidential Information Memorandum" ("Target Memo") which disclosed that the acquisition target was Precision Machine & Manufacturing ("Precision"). A copy of the email with the Target Memo is attached hereto as **Exhibit 5**.

11. In the months following, Precision (not PMM Holdings) provided certain financial information to Meyer. I visited Precision in Oregon in June 2024, at which time a Management Presentation PowerPoint was presented; it was later sent to me via email. A copy of the Management Presentation is attached hereto as **Exhibit 6**. During this visit, I informed Don Lindsey, Precision's President, that Finn had previously solicited a rotary valve order from Meyer, which Meyer was making.

12. California is not listed anywhere in the emails, target summary, Target Memo, or the Management Presentation. I had no knowledge that PMM Holdings was a California domiciliary.

13. On August 16, 2024, Meyer provided a Letter of Intent ("LOI"), addressed to Crown Point Partners in Oregon, wherein Meyer made a proposal to acquire Precision's stock (not PMM Holdings).

14. The LOI was ultimately rejected, and no acquisition occurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: October 9, 2025

_____
Charles Meyer

3
DECLARATION OF CHARLES MEYER IN SUPPORT OF MOTION TO DISMISS COMPLAINT