UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PMM HOLDINGS, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM W. MEYER AND SONS, INC., et al., <br><br> Defendant. | Case No. 2:25-cv-02005-CSK <br><br> ORDER DENYING PLAINTIFFS' REQUEST TO SEAL WITHOUT PREJUDICE <br><br> (ECF No. 19) |

Pending before the Court is Plaintiffs' PMM Holdings, LLC and Precision Machine & Manufacturing's request to seal documents attached to their Complaint.[1] *See* Pl. Req. Seal (ECF No. 19). Plaintiffs request to seal the following three Exhibits to the Complaint:

- Exhibit 1 is a Memorandum of Understanding ("MOU") signed February 9, 2016. *Id.*; Compl. ¶ 13 (ECF No. 1). Exhibit 1 is signed by Matt Day, the then Vice President of Operations for Finn Corporation ("Finn") and Express Blower, Inc., which are allegedly wholly owned subsidiaries of Defendant DHG, Inc. ("DHG"), and by Plaintiff Precision's former President Kirk Morton. Pl. Request Seal at 1;

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule Appendix A(m).

1

Compl. ¶ 13 (ECF No. 1).

- Exhibit 2 is a "Non-Disclosure Agreement," dated January 23, 2024, and signed by Christopher Erickson on behalf of DHG and Three Cities Research, Inc. which allegedly owns DHG. Pl. Request Seal at 2; Compl. ¶ 15.
- Exhibit 3 is a "Confidentiality Agreement," dated May 7, 2024, between Defendant William W. Meyer & Sons, Inc. ("Meyer") and Plaintiff PMM Holdings, LLC ("PMM Holdings"), by and through PMM Holdings' financial advisor and representative, Crown Point Partners, LLC. Pl. Request to Seal at 2; Compl. ¶ 17.

Defendant Meyers has opposed Plaintiffs' request to seal all documents. Defendant DHG has not submitted any opposition to Plaintiff's request. For the reasons that follow, Plaintiffs' request to seal is DENIED WITHOUT PREJUDICE.

## I.  LEGAL STANDARDS

Courts recognize "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978). Thus, courts in the Ninth Circuit "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Parties seeking to seal records attached to a motion that is "more than tangentially related to the merits of a case" must satisfy the "compelling reasons" standard. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *see Perimeter Sols., L.P. v. Fortress N. Am., L.L.C.*, 2024 WL 3967472, at *1-2 (E.D. Cal. Aug. 28, 2024) (applying the compelling reasons standard to a request to seal an exhibit to a complaint). Both parties apply the compelling reasons standard in their arguments.

To decide whether the party requesting to seal has carried its burden under the compelling reasons standard, the court balances the reasons for secrecy with the public's interests in disclosure. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The court cannot rely on "hypothesis or conjecture" nor on assertions that merely cite a general category of privilege. *See id.* at 1184. Instead, a

party that wishes to keep its documents secret must point out a "specific linkage" between its interests in secrecy and those documents. *See id.* at 1182 ("[C]onclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents."), 1184. Under this Court's Local Rule 141, documents may only be sealed by written order upon the showing required by applicable law. E.D. Cal. Local Rule 141(a).

## II.  DISCUSSION

### A.  Request to Seal

At this time, the Court finds that Plaintiffs have not met their burden under the compelling reasons standard. *See Kamakana*, 447 F.3d at 1179. As an initial matter, Plaintiffs directly quote and describe each Exhibit in their Complaint, which is publicly filed and unredacted. *See* Compl. ¶¶ 13, 13.1-13.8, 15, 16, 16,1-16.7, 17, 18, 18.1-18.4. This is grounds not to seal the entirety of the Exhibits because Plaintiff has already disclosed portions of the Exhibits in the Complaint.

Accordingly, Plaintiffs' request to seal is denied without prejudice. Plaintiffs may file a second motion to seal that identifies the specific portions of each Exhibit they seek to seal and the basis for sealing these portions. As stated above, given the disclosure that has already occurred, Plaintiffs may not seal the entirety of each Exhibit.

### B.  Protective Order

In the request to seal, Plaintiffs request that the Court order that the Exhibits be designated as Highly Confidential—Attorney's Eyes Only, and be used only as required for the purposes of this litigation. The Court declines to make this designation at this time. The parties are required to meet and confer and submit a proposed stipulated protective order to the Court to address confidentiality designations of documents in compliance with Local Rule 141.1.

/ / /

/ / /

/ / /

### III. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiffs' request to seal (ECF No. 19) is DENIED WITHOUT PREJUDICE. Plaintiffs shall have twenty-one (21) days from the date of this order to file a second request to seal. If Plaintiffs do not file a second request, Exhibits 1-3 of the Complaint will be entered into the Docket unsealed; and
2. The parties must meet and confer and submit a proposed stipulated protective order to address confidentiality designations of documents in compliance with Local Rule 141.1.

Dated: October 14, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, pmm2005.25