Michael A. Xavier (OH Bar No. 0097121 - *Admitted pro hac vice*)
michael.xavier@dinsmore.com
**DINSMORE & SHOHL LLP**
1775 Sherman Street, Suite 2600
Denver, CO 80203
Tel: (303) 831-6980

Arielle I. Goren (SBN 331822)
arielle.goren@dinsmore.com
**DINSMORE & SHOHL LLP**
550 South Hope Street, Suite 2800
Los Angeles, CA 90071
Tel: (213) 596-0010

Attorneys for Defendant
DHG, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO COURTHOUSE**

PMM HOLDINGS, LLC and PRECISION MACHINE & MANUFACTURING,

Plaintiffs,

v.

DHG, INC.,

Defendant.

Case No.: 2:25-cv-02005-CSK

**DEFENDANT DHG, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT; COUNTERCLAIMS FOR DECLARATORY RELIEF**

Magistrate Judge: Hon. Chi Soo Kim

Defendant DHG, INC. ("DHG"), by and through counsel, states as follows for its Answer to Plaintiffs PMM HOLDINGS, LLC's ("PMM") and PRECISION MACHINE & MANUFACTURING, INC.'s ("Precision") (collectively, "Plaintiffs") Second Amended Complaint ("SAC"):

The Introductory Paragraph to the SAC does not state any factual allegations that DHG can admit or deny. However, DHG states that, as it is the only named Defendant in this action, no claims are asserted against the other parties identified in the SAC's introductory paragraph (Three Cities

Research, Inc.; Finn Corporation (referred to herein as "Finn"); and Express Blower, Inc. (referred to herein as "EB")), and thus any factual allegations cannot be "against" those parties, contrary to what the SAC purports. Accordingly, and to avoid all doubt, DHG answers the allegations in the SAC only on its own behalf and not on behalf of any other entity. To the extent the introductory paragraph of the SAC requires further response, DHG denies any allegations therein.

## JURISDICTION AND VENUE[1]

1. DHG admits the U.S. District Court for the Eastern District of California ("Court") has subject matter jurisdiction. DHG denies the remainder of the allegations contained in Paragraph 1 of the SAC.

2. DHG admits the allegations contained in Paragraph 2 of the SAC.

3. DHG admits the Court has specific personal jurisdiction over DHG. DHG denies the remainder of the allegations contained in Paragraph 3 of the SAC.

## PARTIES AND THEIR AGENTS

4. DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the SAC and therefore denies these allegations.

5. DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the SAC and therefore denies these allegations.

6. DHG admits DHG is registered with the Secretary of State of Ohio as a for-profit corporation organized under the laws of Ohio as entity number 763188. DHG admits its principal office is at 9281 LeSaint Drive, Fairfield, Ohio. DHG denies the remainder of the allegations contained in Paragraph 6 of the SAC.

7. DHG admits Finn is a wholly-owned subsidiary of DHG and is registered with the Secretary of State for Ohio as a for profit corporation organized under the laws of Ohio as entity number 166266. DHG admits that Finn's principal office is at 9281 LeSaint Drive, Fairfield, Ohio

---

[1] This Answer reproduces the SAC's headings for readability only; those headings do not constitute admissions of any characterizations or facts stated in them. To the extent further response is required, DHG denies any such characterizations or factual assertions.

and that Finn sells and ships product to customers in other states. DHG denies the remainder of the allegations contained in Paragraph 7 of the SAC.

8. DHG admits that EB was a wholly-owned subsidiary of DHG and/or Finn and was registered with the Secretary of State for Ohio as a for profit corporation organized under the laws of Ohio. DHG admits that EB's principal office is at 9281 LeSaint Drive, Fairfield, Ohio and has sold and shipped product to customers in other states. DHG denies the remaining allegations contained in Paragraph 8 of the SAC.

**FACTS COMMON TO ALL COUNTS**

9. DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the SAC and therefore denies these allegations.

9.1 The statement in Paragraph 9.1 of the SAC "[t]hat information constitutes a body of trade secrets because it is not generally known or readily ascertainable, derives independent economic value from remaining secret, and is protected by Plaintiffs through reasonable confidentiality measures" alleges legal conclusions, to which no answer is required. To the extent an answer is required, DHG denies. DHG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9.1 of the SAC, and therefore denies these allegations.

9.2 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.2 of the SAC and therefore denies these allegations.

9.3 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.3 of the SAC and therefore denies these allegations.

10. DHG is without knowledge or information sufficient to form a belief as to the truth of the allegation that Finn's first purchase of a feeder from Precision was in 1995 and therefore denies that allegation. DHG denies the remainder of the allegations contained in Paragraph 10 of the SAC.

10.1 DHG denies the allegations contained in Paragraph 10.1 of the SAC.

10.2 DHG denies the allegations contained in Paragraph 10.2 of the SAC.

10.3 DHG denies the allegations contained in Paragraph 10.3 of the SAC.

10.4 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.4 of the SAC and therefore denies these allegations.

10.5 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.5 of the SAC and therefore denies these allegations.

10.5 [sic] DHG denies that Precision was the original blower truck rotary airlock manufacturer. DHG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10.5[2] of the SAC, and therefore denies these allegations.

11. DHG denies the allegations contained in Paragraph 11 of the SAC.

12. DHG admits that a Memorandum of Understanding ("MOU") signed by Matt Day, the then Vice President of Operations for Finn and EB, and by Precision's former President, Kirk Morton, was entered into on or about February 9, 2016, and a copy of the MOU is attached to the SAC as Exhibit 1. DHG denies the remaining allegations contained in Paragraph 12 of the SAC.

12.1 Paragraph 12.1 of the SAC alleges the content of a document, which speaks for itself, and, therefore, requires no further admission or denial. To the extent further answer is required, DHG denies the allegations in this paragraph.

12.2 Paragraph 12.2 of the SAC alleges the content of a document, which speaks for itself, and, therefore, requires no further admission or denial. To the extent further answer is required, DHG denies the allegations in this paragraph.

///

///

---

[2] The SAC numbers two separate Paragraphs as Paragraph 10.5. *See* SAC, p. 4. This second paragraph in response answers the allegations in the second paragraph numbered 10.5.

12.3 Paragraph 12.3 of the SAC alleges the content of a document, which speaks for itself, and, therefore, requires no further admission or denial. To the extent further answer is required, DHG denies the allegations in this paragraph.

12.4 Paragraph 12.4 of the SAC alleges the content of a document, which speaks for itself, and, therefore, requires no further admission or denial. To the extent further answer is required, DHG denies the allegations in this paragraph.

12.5 DHG admits the allegations contained in Paragraph 12.5 of the SAC.

12.6 Paragraph 12.6 of the SAC alleges the content of a document, which speaks for itself, and, therefore, requires no further admission or denial. To the extent further answer is required, DHG denies the allegations in this paragraph.

12.7 Paragraph 12.7 of the SAC alleges the content of a document, which speaks for itself, and, therefore, requires no further admission or denial. To the extent further answer is required, DHG denies the allegations in this paragraph.

12.8 Paragraph 12.8 of the SAC alleges the content of a document, which speaks for itself, and, therefore, requires no further admission or denial. To the extent further answer is required, DHG denies the allegations in this paragraph.

13. DHG denies the allegations contained in Paragraph 13 of the SAC.

13.1 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.1 of the SAC and therefore denies these allegations.

13.2 DHG denies the allegations contained in Paragraph 13.2 of the SAC.

13.3 DHG denies the allegations contained in Paragraph 13.3 of the SAC.

13.4 DHG denies the allegations contained in Paragraph 13.4 of the SAC.

13.5 DHG denies the allegations contained in Paragraph 13.5 of the SAC.

13.6 DHG denies the allegations contained in Paragraph 13.6 of the SAC.

13.7 DHG denies the allegations contained in Paragraph 13.7 of the SAC.

13.8 DHG denies the allegations contained in Paragraph 13.8 of the SAC.

14. DHG denies the allegations contained in Paragraph 14 of the SAC.

14.1 DHG denies the allegations contained in Paragraph 14.1 of the SAC.

14.2 DHG denies the allegations contained in Paragraph 14.2 of the SAC.

14.3 DHG admits that it entered into a "Non-Disclosure Agreement," dated January 23, 2024, with only Precision (PMM was not a party to this agreement), that was signed by Christopher Erickson on behalf of DHG and Three Cities, and that a copy of that agreement is attached to the SAC as Exhibit 2. DHG denies the remaining allegations contained in Paragraph 14.3 of the SAC.

15. Paragraph 15 of the SAC alleges the content of a document, which speaks for itself, and, therefore, requires no further admission or denial. To the extent further answer is required, DHG denies the allegations in this paragraph.

15.1 Paragraph 15.1 of the SAC alleges the content of a document, which speaks for itself, and, therefore, requires no further admission or denial. To the extent further answer is required, DHG denies the allegations in this paragraph.

15.2 Paragraph 15.2 of the SAC alleges the content of a document, which speaks for itself, and, therefore, requires no further admission or denial. To the extent further answer is required, DHG denies the allegations in this paragraph.

15.3 Paragraph 15.3 of the SAC alleges the content of a document, which speaks for itself, and, therefore, requires no further admission or denial. To the extent further answer is required, DHG denies the allegations in this paragraph.

15.4 Paragraph 15.4 of the SAC alleges the content of a document, which speaks for itself, and, therefore, requires no further admission or denial. To the extent further answer is required, DHG denies the allegations in this paragraph.

15.5 Paragraph 15.5 of the SAC alleges the content of a document, which speaks for itself, and, therefore, requires no further admission or denial. To the extent further answer is required, DHG denies the allegations in this paragraph.

///

15.6 Paragraph 15.6 of the SAC alleges the content of a document, which speaks for itself, and, therefore, requires no further admission or denial. To the extent further answer is required, DHG denies the allegations in this paragraph.

15.7 Paragraph 15.7 of the SAC alleges the content of a document, which speaks for itself, and, therefore, requires no further admission or denial. To the extent further answer is required, DHG denies the allegations in this paragraph.

16. DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the SAC and therefore denies these allegations.

17. DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the SAC and therefore denies these allegations.

17.1 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.1 of the SAC and therefore denies these allegations.

17.2 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.2 of the SAC and therefore denies these allegations.

17.3 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.3 of the SAC and therefore denies these allegations.

18. DHG denies the allegations contained in Paragraph 18 of the SAC.

18.1 DHG admits that Christopher Erickson and Dave Hammond visited Precision's facility in Oregon on January 31, 2024. DHG denies the remaining allegations contained in Paragraph 18.1 of the SAC.

18.2 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.2 of the SAC, and therefore denies these allegations.

///

18.3 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.3 of the SAC and therefore denies these allegations.

18.4 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.4 of the SAC and therefore denies these allegations.

18.5 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.5 of the SAC and therefore denies these allegations.

18.6 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegation that "[p]ursuant to the terms of the DHG NDA and Meyer NDA, Precision disclosed its confidential information only for the limited purpose of the parties' evaluation of a potential purchase/sale transaction" contained in Paragraph 18.6 of the SAC, and therefore denies that allegation. The remaining allegations in Paragraph 18.6 constitute legal conclusions to which no answer is required. To the extent an answer is required, DHG denies them.

19. DHG denies the allegations contained in Paragraph 19 of the SAC.

19.1 DHG denies the allegations contained in Paragraph 19.1 of the SAC.

19.2 DHG denies the allegations contained in Paragraph 19.2 of the SAC.

19.3 DHG denies the allegations contained in Paragraph 19.3 of the SAC.

19.4 DHG denies the allegations contained in Paragraph 19.4 of the SAC.

19.5 DHG denies the allegations contained in Paragraph 19.5 of the SAC.

20. DHG denies the allegations contained in Paragraph 20 of the SAC.

20.1 DHG denies the allegations contained in Paragraph 20.1 of the SAC.

20.2 DHG denies the allegations contained in Paragraph 20.2 of the SAC.

///

**A. Key Customers Information**

20.2.1 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.1 of the SAC and therefore denies these allegations.

20.2.2 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.2 of the SAC and therefore denies these allegations.

20.2.3 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.3 of the SAC and therefore denies these allegations.

20.2.4 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.4 of the SAC and therefore denies these allegations.

**B. Supplier, Component, Material, and Outsourcing Information**

20.2.5 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.5 of the SAC and therefore denies these allegations.

20.2.6 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.6 of the SAC and therefore denies these allegations.

20.2.7 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.7 of the SAC and therefore denies these allegations.

20.2.8 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.8 of the SAC and therefore denies these allegations.

///

20.2.9 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.9 of the SAC and therefore denies these allegations.

**C. Product-Level Cost, Margin, and Pricing Information**

20.2.10 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.10 of the SAC and therefore denies these allegations.

20.2.11 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.11 of the SAC and therefore denies these allegations.

20.2.12 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.12 of the SAC and therefore denies these allegations.

20.2.13 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.13 of the SAC and therefore denies these allegations.

**D. Engineering Drawings, STEP Files, Design History, and Technical Specifications**

20.2.15[3] As Paragraph 20.2.15 of the SAC specifically asserts and specifically relates to Plaintiffs' trade secret claim related to "engineering and technical trade secrets," and Plaintiffs' claim for misappropriation of those "engineering and technical trade secrets" has been dismissed (*See* Order, Doc. 61), no admission or denial is required. To the extent any further response is required, DHG denies these allegations.

20.2.16 As Paragraph 20.2.16 of the SAC specifically asserts and specifically relates to Plaintiffs' trade secret claim related to "engineering and technical trade secrets," and Plaintiffs' claim for misappropriation of those "engineering and technical trade secrets" has

[3] The SAC does not contain a paragraph numbered 20.2.14.

been dismissed (*See* Order, Doc. 61), no admission or denial is required. To the extent any further response is required, DHG denies these allegations.

20.2.17 As Paragraph 20.2.17 of the SAC specifically asserts and specifically relates to Plaintiffs' trade secret claim related to "engineering and technical trade secrets," and Plaintiffs' claim for misappropriation of those "engineering and technical trade secrets" has been dismissed (*See* Order, Doc. 61), no admission or denial is required. To the extent any further response is required, DHG denies these allegations.

20.2.18 As Paragraph 20.2.18 of the SAC specifically asserts and specifically relates to Plaintiffs' trade secret claim related to "engineering and technical trade secrets," and Plaintiffs' claim for misappropriation of those "engineering and technical trade secrets" has been dismissed (*See* Order, Doc. 61), no admission or denial is required. To the extent any further response is required, DHG denies these allegations.

20.2.19 As Paragraph 20.2.19 of the SAC specifically asserts and specifically relates to Plaintiffs' trade secret claim related to "engineering and technical trade secrets," and Plaintiffs' claim for misappropriation of those "engineering and technical trade secrets" has been dismissed (*See* Order, Doc. 61), no admission or denial is required. To the extent any further response is required, DHG denies these allegations.

20.2.20 As Paragraph 20.2.20 of the SAC specifically asserts and specifically relates to Plaintiffs' trade secret claim related to "engineering and technical trade secrets," and Plaintiffs' claim for misappropriation of those "engineering and technical trade secrets" has been dismissed (*See* Order, Doc. 61), no admission or denial is required. To the extent any further response is required, DHG denies these allegations.

20.2.21 As Paragraph 20.2.21 of the SAC specifically asserts and specifically relates to Plaintiffs' trade secret claim related to "engineering and technical trade secrets," and Plaintiffs' claim for misappropriation of those "engineering and technical trade secrets" has been dismissed (*See* Order, Doc. 61), no admission or denial is required. To the extent any further response is required, DHG denies these allegations.

**E. Proprietary Manufacturing Processes and Know-How Information**

20.2.22 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.22 of the SAC and therefore denies these allegations.

20.2.23 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.23 of the SAC and therefore denies these allegations.

20.2.24 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.24 of the SAC and therefore denies these allegations.

20.2.25 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.25 of the SAC and therefore denies these allegations.

**F. Financial, Growth, and Product-Line Strategy Information**

20.2.26 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.26 of the SAC and therefore denies these allegations.

20.2.27 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.27 of the SAC and therefore denies these allegations.

20.2.28 DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.2.28 of the SAC and therefore denies these allegations.

21. DHG denies the allegations contained in Paragraph 21 of the SAC.

21.1 DHG denies the allegations contained in Paragraph 21.1 of the SAC.

21.2 DHG denies the allegations contained in Paragraph 21.2 of the SAC.

21.3 DHG denies the allegations contained in Paragraph 21.3 of Plaintiffs' SAC.

21.4 DHG denies the allegations contained in Paragraph 21.4 of Plaintiffs' SAC.

21.5 DHG denies the allegations contained in Paragraph 21.5 of Plaintiffs' SAC.

21.6 DHG denies the allegations contained in Paragraph 21.6 of Plaintiffs' SAC.

21.7 DHG denies the allegations contained in Paragraph 21.7 of Plaintiffs' SAC.

22. DHG denies the allegations contained in Paragraph 22 of Plaintiffs' SAC.

23. DHG denies the allegations contained in Paragraph 23 of Plaintiffs' SAC.

23.1 DHG admits that by May of 2025, Finn and EB had ordered feeders from Meyer and discontinued placing any orders with Precision. DHG denies the remaining allegations contained in Paragraph 23.1 of Plaintiffs' SAC.

23.2 DHG denies the allegations contained in Paragraph 23.2 of Plaintiffs' SAC.

23.2 [sic] DHG denies the allegations contained in Paragraph 23.2[4] of Plaintiffs' SAC.

24. DHG denies the allegations contained in Paragraph 24 of Plaintiffs' SAC.

25. DHG denies the allegations contained in Paragraph 25 of Plaintiffs' SAC.

26. DHG denies the allegations contained in Paragraph 26 of Plaintiffs' SAC.

27. DHG denies the allegations contained in Paragraph 27 of Plaintiffs' SAC.

## COUNT ONE

**(Breach of DHG NDA)**

28. DHG incorporates by reference and re-alleges in this Count One, in full, its answers in Paragraphs 1 through 27 of this Answer.

29. Paragraph 29 of the SAC alleges the content of a document, which speaks for itself, and, therefore, requires no further admission or denial. To the extent further answer is required, DHG denies the allegations in this paragraph.

30. DHG denies the allegations contained in Paragraph 30 of Plaintiffs' SAC.

31. DHG denies the allegations contained in Paragraph 31 of Plaintiffs' SAC.

32. DHG denies the allegations contained in Paragraph 32 of Plaintiffs' SAC.

---

[4] The SAC numbers two separate Paragraphs as Paragraph 23.2. *See* SAC, p. 21. This second paragraph in response answers the allegations in the second paragraph numbered 23.2.

33. DHG denies the allegations contained in Paragraph 33 of Plaintiffs' SAC.

**COUNT TWO**

**(Tortious Interference with Contract Against DHG)**

34. DHG incorporates by reference and re-alleges in this Count Two, in full, its answers in Paragraphs 1 through 33 of this Answer.

35. DHG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the SAC and therefore denies these allegations.

36. DHG denies the allegations contained in Paragraph 36 of Plaintiffs' SAC.

37. DHG denies the allegations contained in Paragraph 37 of Plaintiffs' SAC.

38. DHG denies the allegations contained in Paragraph 38 of Plaintiffs' SAC.

**COUNT THREE**

**(Misappropriation of Plaintiffs' Intellectual Property and Trade Secrets Against Defendant DHG)**

39. DHG incorporates by reference and re-alleges in this Count Three, in full, its answers in Paragraphs 1 through 38 of this Answer.[5]

40. DHG denies the allegations contained in Paragraph 40 of Plaintiffs' SAC.

41. DHG denies the allegations contained in Paragraph 41 of Plaintiffs' SAC.

42. DHG denies the allegations contained in Paragraph 42 of Plaintiffs' SAC.

43. DHG denies the allegations contained in Paragraph 43 of Plaintiffs' SAC.

44. DHG denies the allegations contained in Paragraph 44 of Plaintiffs' SAC.

45. DHG denies the allegations contained in Paragraph 45 of Plaintiffs' SAC.

46. DHG denies the allegations contained in Paragraph 46 of Plaintiffs' SAC.

///

///

[5] DHG further notes that, to the extent Paragraphs 39–46 assert a claim for trade secret misappropriation related to Plaintiffs' supposed "engineering and technical trade secrets," that claim has been dismissed (*see* Order, Doc. 61), and no admission or denial is required as to those supposed "engineering and technical trade secrets."

**COUNT FOUR**

**(Unlawful Business Practices and Competition Against Defendant DHG)**

47. DHG incorporates by reference and re-alleges in this Count Four, in full, its answers in Paragraphs 1 through 46 of this Answer.

48. Paragraph 48 of the SAC is part of a claim that has been dismissed pursuant to the Court's November 2, 2026 Order (Doc. 61). Therefore, an answer is not required. To the extent an answer is required, DHG denies.

49. Paragraph 49 of the SAC is part of a claim that has been dismissed pursuant to the Court's November 2, 2026 Order (Doc. 61). Therefore, an answer is not required. To the extent an answer is required, DHG denies.

50. Paragraph 50 of the SAC is part of a claim that has been dismissed pursuant to the Court's November 2, 2026 Order (Doc. 61). Therefore, an answer is not required. To the extent an answer is required, DHG denies.

51. Paragraph 51 of the SAC is part of a claim that has been dismissed pursuant to the Court's November 2, 2026 Order (Doc. 61). Therefore, an answer is not required. To the extent an answer is required, DHG denies.

52. Paragraph 52 of the SAC is part of a claim that has been dismissed pursuant to the Court's November 2, 2026 Order (Doc. 61). Therefore, an answer is not required. To the extent an answer is required, DHG denies.

**COUNT FIVE**

**(Fraudulent Business Practices and Competition Against Defendant DHG)**

53. DHG incorporates by reference and re-alleges in this Count Five, in full, its answers in Paragraphs 1 through 52 of this Answer.

54. Paragraph 54 of the SAC is part of a claim that has been dismissed pursuant to the Court's November 2, 2026 Order (Doc. 61). Therefore, an answer is not required. To the extent an answer is required, DHG denies.

///

55. Paragraph 55 of the SAC is part of a claim that has been dismissed pursuant to the Court's November 2, 2026 Order (Doc. 61). Therefore, an answer is not required. To the extent an answer is required, DHG denies.

56. Paragraph 56 of the SAC is part of a claim that has been dismissed pursuant to the Court's November 2, 2026 Order (Doc. 61). Therefore, an answer is not required. To the extent an answer is required, DHG denies.

57. Paragraph 57 of the SAC is part of a claim that has been dismissed pursuant to the Court's November 2, 2026 Order (Doc. 61). Therefore, an answer is not required. To the extent an answer is required, DHG denies.

58. Paragraph 58 of the SAC is part of a claim that has been dismissed pursuant to the Court's November 2, 2026 Order (Doc. 61). Therefore, an answer is not required. To the extent an answer is required, DHG denies.

## COUNT SIX

### (Intentional Misrepresentation Against Defendant DHG)

59. DHG incorporates by reference and re-alleges in this Count Six, in full, its answers in Paragraphs 1 through 58 of this Answer.

60. Paragraph 60 of the SAC is part of a claim that has been dismissed pursuant to the Court's November 2, 2026 Order (Doc. 61). Therefore, an answer is not required. To the extent an answer is required, DHG denies.

61. Paragraph 61 of the SAC is part of a claim that has been dismissed pursuant to the Court's November 2, 2026 Order (Doc. 61). Therefore, an answer is not required. To the extent an answer is required, DHG denies.

62. Paragraph 62 of the SAC is part of a claim that has been dismissed pursuant to the Court's November 2, 2026 Order (Doc. 61). Therefore, an answer is not required. To the extent an answer is required, DHG denies.

///

///

63. Paragraph 63 of the SAC is part of a claim that has been dismissed pursuant to the Court's November 2, 2026 Order (Doc. 61). Therefore, an answer is not required. To the extent an answer is required, DHG denies.

64. Paragraph 64 of the SAC is part of a claim that has been dismissed pursuant to the Court's November 2, 2026 Order (Doc. 61). Therefore, an answer is not required. To the extent an answer is required, DHG denies.

65. Paragraph 65 of the SAC is part of a claim that has been dismissed pursuant to the Court's November 2, 2026 Order (Doc. 61). Therefore, an answer is not required. To the extent an answer is required, DHG denies.

66. Paragraph 66 of the SAC is part of a claim that has been dismissed pursuant to the Court's November 2, 2026 Order (Doc. 61). Therefore, an answer is not required. To the extent an answer is required, DHG denies.

**AS TO PLAINTIFFS' "PRAYER FOR RELIEF"**

Plaintiffs' WHEREFORE paragraph does not contain any factual allegations to which DHG is required to respond; however, DHG denies that Plaintiffs are entitled to any relief whatsoever, including but not limited to the requests for relief enumerated in Paragraphs A–G of their Prayer.

**DHG'S PRAYER FOR RELIEF**

WHEREFORE, DHG respectfully requests that the Court:

A. Enter judgment in DHG's favor on all of Plaintiffs' claims and award Plaintiffs no relief;

B. Award DHG its reasonable costs, including attorneys' fees, as applicable and recoverable under Section 19 of the DHG NDA; 18 U.S.C. § 1836(b)(3)(D); California Civil Code § 3426.4; or as otherwise provided by law; and

C. Grant DHG such other and further relief as the Court deems just and proper.

///

///

///

**///DEFENSES/AFFIRMATIVE DEFENSES**

DHG sets forth below its affirmative defenses, which are to be construed alternatively and/or hypothetically as appropriate. By setting forth these affirmative defenses, DHG does not assume the burden of proving or negating any fact, issue, or elements of a cause of action where such burden properly belongs to Plaintiffs.

**FIRST AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiffs are barred from recovering the relief sought by the SAC because they come with unclean hands having created the harm, injury and/or damages for which they now complain.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate any damages allegedly sustained.

**THIRD AFFIRMATIVE DEFENSE**

**(Claims Not Covered by Agreements)**

Plaintiffs' claims fail, in whole or in part, because the information on which they base their claims is not protected by the agreements Plaintiffs rely upon.

**FOURTH AFFIRMATIVE DEFENSE**

**(Preemption of the Tortious Interference Claim)**

Plaintiffs' claim for tortious interference is preempted by the California Uniform Trade Secrets Act and/or the Oregon Uniform Trade Secrets Act and/or the Ohio Uniform Trade Secrets Act.

///

///

///

///

///

**ADDITIONAL DEFENSES**

DHG asserts the above defenses based on its present knowledge, which is based on its investigation to date and an absence of discovery. DHG alleges that there may be additional affirmative defenses to Plaintiffs' alleged claims for relief which are currently unknown to DHG. DHG reserves the right to amend this Answer to allege additional affirmative defenses in the event discovery or other information indicates they are appropriate.

Dated: November 16, 2026

DINSMORE & SHOHL LLP

By: *<u>/s/ Michael A. Xavier</u>*
Michael A. Xavier
Arielle I. Goren
Attorneys for Defendant DHG, INC.

## COUNTERCLAIMS

Defendant/Counterclaimant DHG, Inc. ("DHG") hereby alleges as follows for its Counterclaims against Plaintiffs/Counterclaim-Defendants Precision Machine & Manufacturing, Inc. ("Precision") and PMM Holdings, LLC ("PMM") (collectively, "Plaintiffs"):

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over these Counterclaims because they arise under the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. § 2201. The following Counterclaims are related to the claims asserted in the Second Amended Complaint filed by Plaintiffs against DHG (Doc. 54) ("SAC") such that they form part of the same case or controversy under Article III of the United States Constitution. Accordingly, this Court has subject matter jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1367(a).

2. These Counterclaims seek declarations under the laws of the United States and the State of California that:

a. DHG did not breach its NDA with Precision;

b. DHG did not tortiously interfere with the William Meyer and Sons, Inc. ("Meyer") NDA between Meyer and Precision;[6] and

c. DHG did not misappropriate Plaintiffs' alleged trade secrets.

3. The Court may declare the rights and other legal relations of an interested party in a case of actual controversy within its jurisdiction upon the filing of an appropriate pleading.

4. This Court has personal jurisdiction over Plaintiffs because Plaintiffs commenced this action in this Court and seek affirmative relief against DHG arising from the same controversy that is the subject of these Counterclaims.

///

[6] On information and belief, the parties to the Meyer NDA, attached as Exhibit 3 to the SAC, include Meyer and the "Company" (defined as "Project Rotary (Client #361)"). A separate page included with the Meyer NDA defines the Company as "Precision Machine & Manufacturing, Inc." (*See* Doc. 54 at 47, 50).

5. Venue is proper in this District because Plaintiffs selected this forum for their claims, and these Counterclaims arise from the same alleged events and occurrences.

**THE PARTIES**

6. On information and belief, Precision is a corporation organized and existing under the laws of the State of Oregon and is a wholly-owned subsidiary of PMM.

7. On information and belief, PMM is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Sacramento, California.

8. DHG is an Ohio corporation with its principal place of business at 9281 LeSaint Drive, Fairfield, Ohio 45014.

**RELEVANT ADDITIONAL FACTS**

9. DHG entered into a "Non-Disclosure Agreement" dated January 23, 2024, with Precision (the "DHG NDA"). A copy of the signed DHG NDA is attached to the SAC as Exhibit 2 to the SAC.

10. PMM is not a party to the DHG NDA.

11. On information and belief, Meyer entered into a "Confidentiality Agreement" with Precision, by and through Precision's financial advisor and representative, Crown Point Partners, LLC. A copy of the signed "Confidentiality Agreement," dated May 7, 2024, signed by Charles Meyer as CEO of Meyer (the "Meyer NDA"), is attached to the SAC as **Exhibit 3**.

12. On July 17, 2025, Plaintiffs commenced this action by filing their Complaint against DHG and Meyer. (Doc. 1). Meyer was later dismissed from this action for lack of jurisdiction over Meyer. (Doc. 45).

13. On June 26, 2026, Plaintiffs filed their SAC against DHG. (Doc. 54).

14. Among other things, the SAC includes claims against DHG for (1) breach of the DHG NDA; (2) tortious interference with the Meyer NDA; and (3) misappropriation of trade secrets. *See* SAC, pp. 23–26.

///

**FIRST COUNTERCLAIM**

**(Declaratory Judgment: DHG did not breach the DHG NDA)**

15. DHG incorporates by reference Paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiffs have sued DHG for breach of the DHG NDA, and this counterclaim thus constitutes the same case or controversy as those contained in the SAC.

17. DHG did not breach any provision of the DHG NDA, as Plaintiffs allege in the SAC or otherwise.

18. Accordingly, pursuant to 28 U.S.C. § 2201, DHG is entitled to a declaration that it did not breach the DHG NDA.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment: DHG did not tortiously interfere with the Meyer NDA)**

19. DHG incorporates by reference Paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiffs have sued DHG for tortious interference with the Meyer NDA, and this counterclaim thus constitutes the same case or controversy as those contained in the SAC.

21. DHG is not liable for tortious interference because DHG did not know of any potential deal between Meyer and Precision, and/or PMM; nor did DHG take any steps to interfere with any potential, or actual, contract (or any other agreement) between Meyer, Precision, and/or PMM. Nor, on information and belief, did Meyer breach the Meyer NDA.

22. Accordingly, pursuant to 28 U.S.C. § 2201, DHG is entitled to a declaration that it did not tortiously interfere with the Meyer NDA.

**THIRD COUNTERCLAIM**

**(Declaratory Judgment: DHG did not misappropriate trade secrets)**

23. DHG incorporates by reference Paragraphs 1 through 22 as though fully set forth herein.

///

24. Plaintiffs allege in their SAC that DHG misappropriated information Plaintiffs characterize as trade secrets under federal and California law, thereby creating an actual, present, and substantial controversy concerning the parties' respective rights and obligations. An actual controversy exists between DHG and Plaintiffs regarding whether Plaintiffs owned protectable trade secrets as alleged and whether DHG misappropriated any such trade secret alleged in the SAC.

25. Plaintiffs describe the supposed trade secrets in Paragraphs 20.2.1-20.2.13, and 20.2.22-20.2.28 of Plaintiffs' SAC. *See* SAC ¶¶ 20.2.1-20.2.13, and 20.2.22-20.2.28[7].

26. Plaintiffs have sued DHG for misappropriation of these supposed trade secrets under the federal Defend Trade Secrets Act (18 U.S.C. § 1836) and the California Uniform Trade Secrets Act (Cal. Civ. Code §§ 3426.1 *et seq.*), and this counterclaim thus constitutes the same case or controversy as those contained in the SAC.

27. However, DHG did not misappropriate the alleged trade secrets referenced in Paragraphs 20.2.1–20.2.13 and 20.2.22–20.2.28 of the SAC under either act because (i) none of that information is protectable as a trade secret, as it does not derive independent economic value from not being generally known, was not protected by reasonable measures to maintain its secrecy, or otherwise fails to satisfy the requirements for trade secret protection; and (ii) DHG did not misappropriate any information that may qualify as a protectable trade secret.

28. Accordingly, pursuant to 28 U.S.C. § 2201, DHG is entitled to a declaration that it did not misappropriate any trade secrets referenced in Paragraphs 20.2.1–20.2.13 and 20.2.22–20.2.28 of the SAC.

## PRAYER FOR RELIEF

**WHEREFORE**, DHG respectfully requests that the Court:

A. Enter judgment:

a. Declaring that DHG did not breach its NDA with Precision;

[7] Plaintiffs' misappropriation claim related to their alleged trade secrets under the category of "Engineering Drawings, STEP Files, Design History, and Technical Specifications," described in Paragraphs 20.2.15–20.2.21 of the SAC, was dismissed by the Court's November 2, 2026 Order (Doc. 61), and those alleged trade secrets are therefore no longer within the scope of this litigation.

b. Declaring that DHG did not tortiously interfere with the Meyer NDA; and

c. Declaring that DHG did not misappropriate any of Plaintiffs' alleged trade secrets;

B. Enter judgment on all of Plaintiffs' claims in DHG's favor;

C. Award Plaintiffs no relief;

D. Award DHG its reasonable costs, including attorneys' fees, as applicable and recoverable under Section 19 of the DHG NDA; 18 U.S.C. § 1836(b)(3)(D); California Civil Code § 3426.4; or as otherwise provided by law; and

E. Grant DHG such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

DHG hereby demands trial by jury on all issues so triable.

Dated: November 16, 2026

DINSMORE & SHOHL LLP

By: */s/ Michael A. Xavier*
Michael A. Xavier
Arielle I. Goren
Attorneys for Defendant DHG, INC.

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on November 16, 2026, a true copy of this document was served by electronic mail upon all registered CM/ECF users in this case.

Dated: November 16, 2026

DINSMORE & SHOHL LLP

By: /s/ *Michael A. Xavier*
Michael A. Xavier
Attorneys for Defendant DHG, Inc.